```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
HYUNDAI MERCHANT MARINE CO. LTD.,        :
                                         :
              Plaintiff,                 :       09 Civ. 4271 (JSR)
                                         :
              -v-                        :       MEMORANDUM
                                         :
THE OCEANIC PETROLEUM SOURCE PTE         :
LTD.,                                    :
                                         :
              Defendant.                 :
---------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

      On April 30, 2009, plaintiff Hyundai Merchant Marine Co. Ltd. ("Hyundai") filed this action seeking an order of maritime attachment against defendant The Oceanic Petroleum Source Pte Ltd. ("Oceanic"). On May 4, 2009, the Court issued an Order of Maritime Attachment and Garnishment (the "Attachment Order"). On May 20, 2009, by letter application, defendant moved to vacate the Attachment Order on the ground that defendant is subject to suit in a "convenient adjacent jurisdiction" – namely, the Northern District of New York – because defendant has registered to do business in New York with the Secretary of State in Albany. The Court received full briefing from the parties and heard oral argument on June 1, 2009. By Order dated June 9, 2009, the Court denied defendant's motion. This Memorandum sets forth the reasons for that determination.

      The complaint alleges that in November 2008, Hyundai and Oceanic entered into a maritime contract of charter party pursuant to which Oceanic chartered the M/T Oriental Wisteria (the "Vessel") from Hyundai, the vessel's disponent owner, to transport 3,660 metric tons

of base oil from Thailand to Sri Lanka.  Compl. ¶ 4.  One of the terms of the charter party required Oceanic to pay Hyundai for any additional insurance premium that Hyundai incurred for war risks. Id. ¶ 5.  Hyundai alleges that it subsequently incurred an additional war risk premium of $114,800 and invoiced Oceanic for this amount, but Oceanic failed to pay.  Id. ¶¶ 7-9.

At issue on this motion is whether the Attachment Order should be vacated because Oceanic, on March 23, 2009, registered to do business in New York State and, in so doing, authorized the New York Secretary of State in Albany to receive process for it.  Under Rule B of the Supplemental Rules for Admiralty or Maritime Claims, a plaintiff may obtain a maritime attachment order if it has a valid prima facie admiralty claim against the defendant, the defendant is not found within the district, the defendant's property may be found within the district, and there is no other legal bar to the attachment.  Aqua Stoli Shipping Ltd. v. Gardner Smith PTY LTD, 460 F.3d 434, 445 (2d Cir. 2006).  Rule E entitles a party whose property has been attached to "a prompt hearing at which the plaintiff shall be entitled to show why the arrest or attachment should not be vacated."  Fed. R. Civ. P. Supp. Rule E(f)(4).  The Second Circuit has explained that at a Rule E hearing, the plaintiff must show that the above-recited conditions for a maritime attachment are met.  Aqua Stoli, 460 F.3d at 445.  Once plaintiff has made the requisite showing,

>a district court may vacate the attachment if the defendant shows at the Rule E hearing that 1) the defendant is subject to suit in a convenient adjacent jurisdiction; 2) the plaintiff could obtain in personam jurisdiction over the defendant in the district where the plaintiff is located; or 3) the plaintiff has already obtained sufficient security for the potential judgment, by attachment or otherwise.

Id.

Here, defendant does not dispute that all of the elements plaintiff must establish at a Rule E hearing are present. Defendant argues instead that because it is subject to suit in a "convenient adjacent jurisdiction," its motion to vacate should be granted. Plaintiff counters that although defendant is subject to suit in the Northern District of New York, Aqua Stoli does not compel vacatur; rather, the Court has the discretion to determine whether the balance of the equities favors vacatur in any given case.

Plaintiff points to a number of factors that, in its view, weigh against granting defendant's motion. First, it asserts that Oceanic ignored two requests that it appoint an arbitrator in the arbitration proceedings that Hyundai has commenced in London and therefore is, under English law, deemed to be in default in that proceeding. Affirmation of Michael E. Unger dated May 28, 2009 ("Unger Aff.") ¶¶ 9-10.[1] Second, it asserts that defendant has no

---

[1] Defendant, subsequent to oral argument in this case (and without permission from the Court) submitted a letter indicating that it had in fact appointed an arbitrator and asserting that plaintiff's argument that it is in default in the London arbitration is misleading. Letter from Jeremy J. O. Harwood to Hon. Jed S. Rakoff dated June 4, 2009. Defendant further argued that this effort to mislead the Court renders it inappropriate to decide the case in plaintiff's favor under the equitable doctrine of "unclean hands." Id. In response, however, plaintiff submitted documents indicating that while defendant had,

place of business, employees, or substantial assets located anywhere in New York.  Id. ¶ 17.  Third, it asserts that Oceanic has no real home office, see Declaration of Howard Nathan Wheeler dated May 28, 2009 ("Wheeler Decl.") ¶¶ 7-10 (stating that the address of Oceanic's registered office is, in fact, a private residential apartment), has failed to appear and/or cooperate in another arbitration, Unger Aff. ¶ 11, does not make available audited financial statements,[2] Wheeler Decl. ¶ 6, and is, in essence, a shell company.  Under these circumstances, plaintiff, argues, it has no means of obtaining adequate security for its claim and, more generally, the balance of the equities favors leaving the attachment in place.

It is clear that, under the applicable law, Oceanic is subject to suit in a convenient adjacent jurisdiction.  The Second Circuit recently held a company that has registered to do business in the State of New York and has designated an agent for service of

---

eventually, indicated that it wished to appoint one "Capt. Lee" as its arbitrator in the London proceeding, it did so only belatedly after repeated requests from plaintiff.  See Letter from Michael E. Unger to Hon. Jed S. Rakoff dated June 8, 2009 and attachments.

To the extent that the Court is inclined to consider defendant's additional arguments, submitted in direct violation of the Court's explicit rules, and the unauthenticated documents attached to defendant's letter, the Court finds that the materials submitted by both parties show that defendant has conducted itself, in the London proceeding, in an uncooperative and dilatory manner.  The Court also sees no basis for inferring that plaintiff has acted in bad faith or otherwise has "unclean hands."

[2] Prior to oral argument, Oceanic submitted its financial statement for the fiscal year ending March 31, 2008, which show that the company had net assets of $1,581,760 at that time.  Ex. to Declaration of Jeremy J. O. Harwood dated May 29, 2009.

4

process in a given district is "found in" a district for Rule B purposes. STX Panocean (UK) Co. Ltd. v. Glory Wealth Shipping Pte Ltd., 560 F.3d 127, 133 (2d Cir. 2009). And courts in this district have found that a defendant is subject to suit in a "convenient adjacent jurisdiction" when it meets the test for whether a party is "found in" a district within the meaning of Fed. R. Civ. P. Supp. Rule B.[3] See Swiss Marine Servs. S.A. v. Louis Dreyfus Energy Servs. L.P., 598 F. Supp. 2d 414, 416 (S.D.N.Y. 2008). The question is whether, under Aqua Stoli, vacatur is compelled under these circumstances or whether the Court may weigh the equities in deciding whether vacatur is appropriate.

Defendant argues that Aqua Stoli makes clear that the district court is not to engage in an equitable inquiry into such issues as whether plaintiff has a genuine need for security and whether the balance of the hardships favors vacatur. Defendant further maintains that Aqua Stoli and cases decided in its wake establish that in deciding whether to vacate when defendant is subject to suit in a "convenient adjacent jurisdiction," the district

---

[3] A company that is registered to do business in New York and has designated the Secretary of State in Albany as an agent for service of process, however, is not "found in" the Southern District of New York for Rule B purposes. A defendant is "found in" a district only if it is both be subject to in personam jurisdiction in the district and found within the district for service of process. Seawind Compania, S.A. v. Crescent Line, Inc., 320 F.2d 580, 582 (2d Cir. 1963). Where, as here, a company may be served only in the Northern District of New York, the second prong of the Seawind test is not satisfied. See generally Integrated Container Serv., Inc. v. Starlines Container Shipping, Ltd., 476 F. Supp. 119, 124 (S.D.N.Y. 1979). For this reason, the Rule B attachment was not barred as an initial matter.

court should apply a more or less bright line rule and vacate when the basic elements are met.  Defendant points, specifically, to two recent cases in this district in which the court declined to engage in an inquiry into whether a lawsuit on the merits could immediately be commenced in the adjacent district.  In <u>Swiss Marine Services S.A. v. Louis Dreyfus Energy Services L.P.</u>, 598 F. Supp. 2d 414, Judge Sand vacated a maritime attachment when defendant was found in Connecticut and the parties were bound to arbitrate their dispute in London.  Plaintiff argued that suit could not be brought in Connecticut because of the agreement to arbitrate, but the court rejected the argument that "in order to be convenient, an adjacent district must be one in which the defendant is subject to an immediate suit on the merits," <u>id.</u> at 420-21.  And in <u>Emerald Equipment Leasing, Inc. v. Sea Star Line, LLC</u>, No. 08 Civ. 10672 (JGK), 2009 WL 1182575 (S.D.N.Y. May 1, 2009), plaintiff argued that it could not bring immediate suit in New Jersey, where defendant was found, because the parties were already engaged in parallel litigation in Delaware and the "first filed" rule arguably would prevent plaintiff from bringing suit in New Jersey.  Judge Koeltl declined to look to whether plaintiff could actually bring immediate suit in the convenient adjacent jurisdiction where defendant was found there and stated that the convenient adjacent jurisdiction inquiry is confined to whether jurisdiction exists in a geographically convenient district, <u>id.</u> at *3-5.

The Court is not persuaded, however, that <u>Aqua Stoli</u> establishes a bright line rule under which vacatur is compelled once

defendant shows that it is subject to suit in a convenient adjacent jurisdiction.  The question presented in that case, as the Second Circuit stated, was "to what extent the district court may require a showing by the plaintiff [at a Rule E hearing] beyond the simple fact that the textual requirements of Rule B have been met."  460 F.3d at 438 (emphasis added).  The Second Circuit then addressed the "limited circumstances" under which, when a defendant has made an appropriate showing, a district court "may vacate the attachment."  Id. at 445 (emphasis added).  Aqua Stoli does not indicate that vacatur is compelled under these circumstances.  Moreover, neither Swiss Marine nor Emerald Equipment addressed an instance in which the defendant, though nominally present in a convenient adjacent jurisdiction, in fact had no place of business, employees, or assets there such that no meaningful judgment could be obtained by bringing suit there.  Rather, in both of those cases, plaintiff argued that there was a procedural bar to bringing suit.  As Judge Sand framed the issue in Swiss Marine, the court there addressed whether such a procedural bar was relevant to a determination of whether the adjacent jurisdiction was indeed "convenient," see Swiss Marine, 598 F. Supp. 2d at 417-18.

Accordingly, the Court finds that it has equitable discretion to determine whether vacatur is appropriate once defendant has shown, at a Rule E hearing, that one of the limited grounds for vacatur enumerated in Aqua Stoli is present.  In this case, the Court finds that the balance of the equities weighs against vacatur.  While the Court does not rely on any particular one of the facts enumerated by plaintiff as weighing in its favor, the Court does find overall that

7

there is a meaningful possibility that any judgment on the merits procured by plaintiff in the London arbitration will go unsatisfied. Cf. Aqua Stoli, 460 F.3d at 443 (stating that historically, the purpose of the maritime attachment has been "to permit the attachment of assets wherever they can be found and not to require the plaintiff to scour the globe to find a proper forum for suit or property of the defendant sufficient to satisfy a judgment."). On the other hand, while the defendant has forcefully argued that the Court essentially lacks the discretion to deny its motion, it has not made any real showing that the equities favor vacatur in this case.

For the foregoing reasons, defendant's motion to vacate was denied.[4]

SO ORDERED.

Dated: New York, NY
September 27, 2009

JED S. RAKOFF, U.S.D.J.

---

[4] By letter dated July 15, 2009, defendant requested that the Court state, in accordance with 28 U.S.C. § 1292(b), that this determination "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that immediate appeal from the order may materially advance the ultimate termination of the litigation." The Court is not of the opinion that this is such a case.